

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 00-40085 |
| Plaintiff, | \* | MEMORANDUM OPINION AND ORDER |
| -vs- | \* | |
| HUGH FULLERTON, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a Petition, Doc. 27, with the Court seeking an Order restoring his right to carry firearms pursuant to 18 U.S.C. § 925(c). The Court ordered the Government to respond to the motion and the Government filed a response with a Motion to Dismiss the Petition. (Doc. 29.)

Pursuant to his guilty plea, Defendant was convicted of bank fraud in violation of 18 U.S.C. § 1344. A Judgment of Conviction was entered on June 13, 2001. Defendant has completed his sentence of imprisonment and supervised release. The State of South Dakota has restored Defendant's civil rights entitling him to vote. He remains prohibited, however, from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1). He requests that this Court restore his right to possess firearms pursuant to 18 U.S.C. § 925(c), which provides in relevant part as follows:

> A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety

> and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice.

18 U.S.C. § 925(c).

The Government cites *United States v. Bean*, 537 U.S. 71 (2002), for its holding that the district court lacked jurisdiction under 18 U.S.C. § 925(c) to review a petition for relief from firearms disabilities because the Bureau of Alcohol, Tobacco and Firearms ("ATF") had not issued a "denial" of the application for relief. ATF did not process the application because, since 1992 Congress has prohibited ATF from using any funds to investigate or act upon applications for relief from Federal firearms disabilities under § 925(c). *See Bean*, 537 at 74-75. The Supreme Court found that failure to act on an application is not a "denial" as that term is used in § 925(c). *Id* at 75-75. Thus, the Supreme Court concluded "an actual adverse action on the application by ATF is a prerequisite for judicial review." *Id.* at 76.

Section 925(c) was amended in 2002 by substituting the Attorney General for the Secretary of the Treasury as the person with the authority to consider applications for relief under that statute. The Supreme Court's decision in *Bean, supra,* was issued before the statute was amended. The amendment, however, does not affect the holding in *Bean, supra*. Like the Secretary of the Treasury, the Attorney General has delegated the power to exercise the functions and powers of the Attorney General under 18 U.S.C. § 925(c) to the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and the Bureau continues to lack the funding to process these applications. *See* 28 C.F.R. § 0.130(a)(1) (delegating the Attorney General's authority to act under 18 U.S.C. Chapter 44, which includes § 925(c), to the Bureau of Alcohol, Tobacco, Firearms, and Explosives); *Von Drake v. United States*, 441 F.Supp.2d 779, (E.D. Tex. 2006) (applying the holding in *Bean, supra,* to the amended § 925(c)); *Black v. Snow*, 272 F.Supp.2d 21, 23 (D.D.C. 2003) (same). Transferring authority to the Attorney General under § 925(c) does not alter the Supreme Court's rationale in *Bean, supra,* for

2

concluding that an adverse action on the application is a prerequisite for judicial review. Accordingly, the Court lacks jurisdiction to review Defendant's petition and it must be dismissed.

It is unfortunate that Congress has not funded a process that should be used to allow worthy applicants to again possess firearms. The denial is only for jurisdictional reasons and is no reflection on Mr. Fullterton as he successfully completed all Court ordered requirements of his sentence ordered by this Court for a non-violent property offense. The funding of the program to consider applications is, however, a political and not a legal issue.

IT IS ORDERED that the Defendant's Petition, Doc. 27, is denied without prejudice for lack of jurisdiction.

Dated this 18th day of December, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Shelly Margulies
(SEAL)     DEPUTY

3